UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Jo Whigham,<br><br>      Plaintiff(s),<br><br>  v.<br><br>Greyhound Lines, Inc.,<br><br>      Defendant(s). | No. 05-1128 BZ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On June 6, 2005, I dismissed plaintiff Jo Whigham's complaint against defendant Greyhound Lines, Inc. with leave to amend.[1] On June 15, 2005, plaintiff filed a "Motion for Response to Missive of Judge Zimmerman & Greyhound Lines Inc.," which I will deem to be her amended complaint. Now before me is defendant's motion to dismiss plaintiff's entire action pursuant to Federal Rules of Civil Procedure 8, 12(b), and/or 41(b). Although plaintiff has filed no opposition to defendant's motion, she appeared before me for a case management conference and hearing on defendants' motion to strike on August 8, 2005, and argued fervently, albeit in

---

[1] Both parties have consented to the jurisdiction of a United State Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

1

rambling fashion, in support of her claims.  I therefore consider her claims on the merits.

Plaintiff's amended complaint, construed liberally in her favor, see Balistreri, 901 F.2d at 699, fails to state a claim upon which relief may be granted.[2]  See Fed. R. Civ. P. 12(b)(6).  As best as I understand, plaintiff contends that she is a large stockholder in defendant, and that problems with "air quality" at the Denver Station and on the bus from Denver to Salt Lake City caused her to itch.  She asserts that she had "shortness of breath," and woke up from a sound sleep with "violent coughing spasms."  Finally, she appears to allege that a Greyhound bus driver "ousted" her "from the company," and that another driver lied to passengers about the temperature inside the bus.

While plaintiff purports to bring a claim under the Fourteenth Amendment, she has not alleged any facts to show that Greyhound or its employees were acting as agents of the state.  Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir. 2003) ("The Fourteenth Amendment ... shields citizens from unlawful governmental actions, but does not affect conduct by private entities.").  Merely being open to the public is insufficient to show state involvement for purposes of the Fourteenth Amendment.  Central Hardware Co. v. NLRB, 407 U.S. 539, 546-47 (1972); Scott v. Eversole Mortuary, 522

---

[2]   The court must liberally construe a pro se complaint, giving the plaintiff the benefit of any doubt.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

F.2d 1110, 1116 (9th Cir. 1975) ("The fact that a private business holds itself open to the public cannot be determinative of the degree of state involvement in its activities.").

Plaintiff also appears to assert a claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* As I noted in my prior order, "[t]o maintain a cause of action under CERCLA, a plaintiff must establish:  (1) the site in question is a 'facility' as defined in the statute, (2) the defendant is a responsible person, (3) a release, or threatened release, of a hazardous substance has occurred, and (4) such release or threatened release caused the plaintiff to incur response costs." Combined Counties Police Ass'n v. 55 South Partnership, 1996 WL 521285, *3 (N.D. Ill. Sept. 11, 1996) (citing Acme Printing Co. v. Menard, Inc., 881 F. Supp. 1237, 1248 (E.D. Wisc. 1995); Kerr-McGee Chemical Corp. v. Lefton Iron & Metal Co., 14 F.3d 321 (7th Cir. 1984)); see also U.S. v. Chapman, 146 F.3d 1166, 1169 (9th Cir. 1998).  Although plaintiff has alleged that the site or sites in question constitute a "facility," see 42 U.S.C. § 9601(9), she has failed to allege sufficient facts to support the other elements of her CERCLA claim.  In particular, plaintiff has not alleged that a release or threatened release of a "hazardous substance" within the meaning of CERCLA occurred. See 42 U.S.C. § 9601(14).  Nor has she alleged that she incurred response costs as a result of such a release or threatened release.  See Romeo v. General Electric Corp., 922

F. Supp. 287, 289 (N.D. Cal. 1994) ("A CERCLA claim may not be maintained absent allegations of at least one type of response cost cognizable under CERCLA.") (citations and internal quotation marks omitted).  I therefore find that the amended complaint fails to state a claim under CERCLA.

Plaintiff has not properly alleged any other claims that can be addressed in federal court.  As defendant's motion to dismiss is unopposed, the amended complaint fails to state a claim upon which relief may be granted, and my efforts in court to get Ms. Whigham to articulate facts which might provide a basis for relief were unsuccessful, **IT IS HEREBY ORDERED** that defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.  The hearing currently scheduled for September 7, 2005, is vacated. Plaintiff's motions to have a say in policy if it's necessary (Docket Entry # 5); to order Greyhound to have purer air quality (Docket Entry # 6); to be able to fire if necessary (Docket Entry # 7); to strike Lombardi, Loper & Conant, LLP as attorneys for Greyhound (Docket Entry # 10); to have the Chicago station remove that morbid artwork from the premises and repaint the station (Docket Entry # 11); and to have Greyhound Washington, D.C. station New York City check passenger luggage(s) for a fee (Docket Entry # 19) are **DENIED** as moot.

Dated:  August 19, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WHIGHAM\SECOND.MTD2.wpd

4